Exhibit A

IN THE IOWA DISTRICT COURT FOR WARREN COUNTY

| | |
|---|---|
| SHAUNAYE BENGTSON,<br><br>     Plaintiff,<br><br>vs.<br><br>ASPEN DENTAL MANAGEMENT, INC.<br>and ADMI CORP d/b/a TAG – THE ASPEN<br>GROUP,<br><br>     Defendants. | Case No. _____<br><br><br>**PETITION AT LAW<br>AND<br>JURY DEMAND** |

COMES NOW the Plaintiff, Shaunaye Bengtson, and for her causes of action hereby states the following:

## INTRODUCTION

1.      This is an employment discrimination action challenging Defendants' sexual harassment, sex discrimination, and retaliation against Plaintiff, in violation of the Iowa Civil Rights Act.

2.      Plaintiff Shaunaye Bengtson is a citizen and resident of Ackworth, Warren County, Iowa.

3.      Defendant Aspen Dental Management, Inc. is a Delaware corporation doing business in Warren County, Iowa.

4.      Defendant ADMI Corp. is a Delaware corporation doing business in Warren County, Iowa, as TAG – The Aspen Group.

5.      ADMI Corp. is the parent company of Aspen Dental Management, Inc. Hereafter, the Defendants are collectively referred to as "Aspen."

1

6.     Venue is appropriate in this District under Iowa Code section 216.16(5), as the discriminatory acts of which Plaintiff complains occurred in Warren County, Iowa.

## PROCEDURAL REQUIREMENTS

7.     On approximately November 21, 2023, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission.

8.     On approximately May 16, 2024, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges against Defendants.

## FACTS

9.     Plaintiff Shaunaye Bengtson is a female, protected from discriminatory practices by state law.

10.     Defendants are engaged in a joint enterprise providing dental services on a national, for-profit basis, including in Warren County, Iowa.

11.     On approximately January 30, 2023, Aspen hired Shaunaye to work as a Division Director of Human Resources.

12.     As Division Director of Human Resources, Shaunaye was responsible for providing senior level human resources expertise to practices located in Missouri, Kansas, Indiana, and the Chicago area of Illinois.

13.     Shaunaye provided human resources functions for 104 dental offices that employed over 1,000 Aspen employees.

2

E-FILED  2024 JUL 22 4:55 PM WARREN - CLERK OF DISTRICT COURT

14.     Although Shaunaye's work involved managers and employees in other states, her assigned work area was her home in Warren County, Iowa, her employment took place in Iowa, and Aspen intended for her to remain an Iowa employee.

15.     At the time of the incidents alleged in this Petition, Shaunaye reported to Vice President of Field Human Resources Rachel Posey ("Posey").

16.     In February 2023, Shaunaye attended a field kickoff meeting in Chicago.

17.     During this meeting, Aspen emphasized the importance of pleasing the doctor owners that contract with it.

18.     It was commonly expressed that doctors are our favorite people because they bring all the money.

19.     An Aspen website highlights its commitment to providers over all other concerns: "… empower the provider and the rest will follow."[1]

20.     Employees of Aspen were instructed to do whatever was necessary to make the doctors happy and warned that if doctors are not happy, we (Aspen) don't get money, and you (employees like Shaunaye) don't get paid.

21.     This type of direction emboldened the doctors associated with Aspen and resulted in rampant sexual harassment throughout the organization.

22.     Dr. Alexander Wojtyna is an owner associated with Aspen.

23.     Shaunaye handled numerous employee relations issues coming out of Dr. Wojtyna's practice, including behavior from Dr. Wojtyna that she considered inappropriate and harassing.

---

[1] https://www.teamtag.com/our-story/ (Retrieved July 10, 2024).

24.     Shaunaye repeatedly raised these concerns with Posey and Director of Employee Relations Lisa Boylan ("Boylan"), and questioned why Dr. Wojtyna was still allowed to be an owner when he was harassing his employees.

25.     Posey and others involved in the process told Shaunaye that there a was legal process to be followed, but they seemed to be sweeping Dr. Wojtyna's conduct under the rug.

26.     Shaunaye learned of similar complaints against Dr. Joseph Formanek, who took dental assistants out bowling, bought belly button piercings for employees, and invited at least one assistant back to his hotel room after a night of drinking.

27.     Shaunaye repeatedly raised concerns about this type of illegal behavior, but Aspen refused to act when a doctor owner was the bad actor.

28.     Aspen held a leadership retreat in Orlando from October 16-21, 2023.

29.     Before the event, Division Director of Human Resources Amber Musser ("Musser") warned Shaunaye that she "should not walk alone" at the event.

30.     On Thursday, October 19, 2023, Aspen held an "Aspenville" Margaritaville-themed party at the event hotel.

31.     All owners, dentists, and field leaders were invited to the event to celebrate Aspen, and Aspen served copious amounts of alcohol.

32.     Shaunaye left the event to use a restroom on the way back to her room to pump as she had recently returned from maternity leave.

33.     On Shaunaye's path, she had to pass the pool area and as she did so, a man approached her and firmly grabbed her right wrist, catching her off guard.

34.     The man commented, "You look familiar," to which Shaunaye responded that she had started working for Aspen earlier that year and he may have met her at a kick-off event in Chicago eight months earlier.

35.     Shaunaye then looked at the man's nametag and saw it was Dr. Mukuka Kapilikisha, an owner who ran an office in Missouri.

36.     Shaunaye commented "Oh, you're an owner. How many offices do you own and where are they?"

37.     Dr. Kapilikisha grabbed Shaunaye's left hand and wrist and began stroking her fingers, including her ring finger. He retorted, "I have one, is that not good enough for you? It's in Branson, Missouri. Do you want me to have more?"

38.     Shocked by this response, Shaunaye responded, "No, not at all," and informed Dr. Kapilikisha that she needed to use the restroom. Dr. Kapilikisha responded that he would be there waiting for her.

39.     Shaunaye used the restroom and fled to her hotel room where she stayed the remainder of the night out of fear of seeing Dr. Kapilikisha again.

40.     The following morning, Shaunaye informed Musser what had happened, and Musser responded, "This is why you can't walk alone at these events."

41.     Shaunaye also spoke with Division Director of Human Resources Melanie Walls ("Walls") about being assaulted.

42.     Similar to Musser, Walls was not surprised and responded, "That's just the way owners act. I'm not saying it's right, but it's just what owners do."

43.     Shaunaye also informed Division Vice President Jennifer Cass ("Cass") about the assault and harassment.

E-FILED  2024 JUL 22 4:55 PM WARREN - CLERK OF DISTRICT COURT

44.     Musser, Walls, and Cass all acknowledged that the conduct was unacceptable, but their responses implied it was just to be expected—and allowed—from the doctors.

45.     On October 26, 2023, Shaunaye had a one-on-one video meeting with Posey.

46.     At the end of the discussion, Shaunaye said, "I need to tell you about something that happened last week at leadership, during the Aspenville night."

47.     Posey stopped Shaunaye, saying, "Whoa, whoa, whoa." Posey said she would have to document whatever Shaunaye was going to report, and that Boylan would have to reach out and decide whether an investigation would need to take place.

48.     Posey further discouraged Shaunaye from saying anything by warning, "Before you tell me, I want you to think about that."

49.     Shaunaye told Posey she was still going to tell her because she needed the situation documented.

50.     Shaunaye then told Posey about Dr. Kapilikisha harassing her.

51.     Posey told Shaunaye she was going to pair her up with Boylan.

52.     On October 27, 2023, Posey sent Shaunaye a link to a website form to report the incident.

53.     Shaunaye submitted the electronic report on October 31, 2023.

54.     Also on October 31, Shaunaye presented an engagement presentation and went over her division's results with Cass, who was so impressed she asked Shaunaye to present to the entire region the following Monday, November 6, 2023.

55.     Musser told Shaunaye that Cass called Musser shortly after Shaunaye's presentation to tell her how well Shaunaye was doing in her job.

56.     On Thursday, November 2, 2023, Aspen fired Shaunaye.

57.     Posey called Shaunaye at 9:30 a.m., along with Senior Director, Human Resource Business Partner Julie Sorenson.

58.     Posey informed Shaunaye that Aspen was firing her based on an "inability to manage the performance" of her division, although no details were provided.

59.     Shaunaye responded that she was confused as there had been no conversations about this.

60.     Posey refused to address Shaunaye's questions.

61.     Aspen never disciplined Shaunaye for misconduct, counseled or even coached her about work performance, or otherwise suggested that she was not meeting company expectations.

62.     Posey routinely complimented Shaunaye's work.

63.     Rachel Posey was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

64.     Julie Sorenson was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

## COUNT I
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## SEXUAL HARASSMENT, SEX DISCRIMINATION AND RETALIATION

65.     Plaintiff reallages paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants subjected Plaintiff to harassing and discriminatory conduct.

67.     Plaintiff's sex was a motivating factor in the discrimination and harassment.

68.     Plaintiff complained to Defendants about the sexual harassment she suffered and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

69.     Defendants retaliated against Plaintiff by firing her.

7

70.     Plaintiff's complaints of sexual harassment were a motivating factor in Defendants' retaliation against her.

71.     As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, feelings of betrayal, intimidation, embarrassment, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

TIMMER, JUDKINS & BORLAND, P.L.L.C.

*/s/ Brooke Timmer*
Brooke Timmer AT0008821
brooke@tjb.law
Nathan Borland AT0011802
nate@tjb.law
1415 28th St., Suite 375
West Des Moines, IA 50266
Telephone: (515) 259-7462
ATTORNEYS FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR WARREN COUNTY

| | |
|---|---|
| SHAUNAYE BENGTSON, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| ASPEN DENTAL MANAGEMENT, INC. and ADMI CORP d/b/a TAG – THE ASPEN GROUP, | **ORIGINAL NOTICE** |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT:     ADMI CORP d/b/a TAG – THE ASPEN GROUP

        You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action.  A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Brooke Timmer and Nathan Borland of Timmer, Judkins & Borland, P.L.L.C., whose address is 1415 28th Street, Suite 375, West Des Moines, IA 50266. Their phone number is (515) 259-7462; facsimile number (515) 361-5390.

        You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Warren County.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

        If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3927.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


                                        _____
                                        CLERK OF COURT
                                        Warren County Courthouse
                                        Indianola, Iowa


**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2024 JUL 23 12:53 PM WARREN - CLERK OF DISTRICT COURT

## Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV040388** |
| County | **Warren** |

*Case Title*   SHAUNAYE BENGSTON V. ASPEN DENTAL, ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **07/23/2024 12:53:31 PM**



*District Clerk of Court or/by Clerk's Designee of* Warren                    County
**/s/ Lori Morris**

E-FILED  2024 JUL 22 4:55 PM WARREN - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR WARREN COUNTY

| | |
|---|---|
| SHAUNAYE BENGTSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ASPEN DENTAL MANAGEMENT, INC.<br>and ADMI CORP d/b/a TAG – THE ASPEN<br>GROUP,<br><br>        Defendants. | Case No. _____<br><br><br><br>**PETITION AT LAW**<br>**AND**<br>**JURY DEMAND** |

COMES NOW the Plaintiff, Shaunaye Bengtson, and for her causes of action hereby states the following:

## INTRODUCTION

1.      This is an employment discrimination action challenging Defendants' sexual harassment, sex discrimination, and retaliation against Plaintiff, in violation of the Iowa Civil Rights Act.

2.      Plaintiff Shaunaye Bengtson is a citizen and resident of Ackworth, Warren County, Iowa.

3.      Defendant Aspen Dental Management, Inc. is a Delaware corporation doing business in Warren County, Iowa.

4.      Defendant ADMI Corp. is a Delaware corporation doing business in Warren County, Iowa, as TAG – The Aspen Group.

5.      ADMI Corp. is the parent company of Aspen Dental Management, Inc. Hereafter, the Defendants are collectively referred to as "Aspen."

6.     Venue is appropriate in this District under Iowa Code section 216.16(5), as the discriminatory acts of which Plaintiff complains occurred in Warren County, Iowa.

## PROCEDURAL REQUIREMENTS

7.     On approximately November 21, 2023, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission.

8.     On approximately May 16, 2024, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges against Defendants.

## FACTS

9.     Plaintiff Shaunaye Bengtson is a female, protected from discriminatory practices by state law.

10.     Defendants are engaged in a joint enterprise providing dental services on a national, for-profit basis, including in Warren County, Iowa.

11.     On approximately January 30, 2023, Aspen hired Shaunaye to work as a Division Director of Human Resources.

12.     As Division Director of Human Resources, Shaunaye was responsible for providing senior level human resources expertise to practices located in Missouri, Kansas, Indiana, and the Chicago area of Illinois.

13.     Shaunaye provided human resources functions for 104 dental offices that employed over 1,000 Aspen employees.

2

E-FILED  2024 JUL 22 4:55 PM WARREN - CLERK OF DISTRICT COURT

14.     Although Shaunaye's work involved managers and employees in other states, her assigned work area was her home in Warren County, Iowa, her employment took place in Iowa, and Aspen intended for her to remain an Iowa employee.

15.     At the time of the incidents alleged in this Petition, Shaunaye reported to Vice President of Field Human Resources Rachel Posey ("Posey").

16.     In February 2023, Shaunaye attended a field kickoff meeting in Chicago.

17.     During this meeting, Aspen emphasized the importance of pleasing the doctor owners that contract with it.

18.     It was commonly expressed that doctors are our favorite people because they bring all the money.

19.     An Aspen website highlights its commitment to providers over all other concerns: "… empower the provider and the rest will follow."[1]

20.     Employees of Aspen were instructed to do whatever was necessary to make the doctors happy and warned that if doctors are not happy, we (Aspen) don't get money, and you (employees like Shaunaye) don't get paid.

21.     This type of direction emboldened the doctors associated with Aspen and resulted in rampant sexual harassment throughout the organization.

22.     Dr. Alexander Wojtyna is an owner associated with Aspen.

23.     Shaunaye handled numerous employee relations issues coming out of Dr. Wojtyna's practice, including behavior from Dr. Wojtyna that she considered inappropriate and harassing.

---

[1] https://www.teamtag.com/our-story/ (Retrieved July 10, 2024).

3

24.     Shaunaye repeatedly raised these concerns with Posey and Director of Employee Relations Lisa Boylan ("Boylan"), and questioned why Dr. Wojtyna was still allowed to be an owner when he was harassing his employees.

25.     Posey and others involved in the process told Shaunaye that there a was legal process to be followed, but they seemed to be sweeping Dr. Wojtyna's conduct under the rug.

26.     Shaunaye learned of similar complaints against Dr. Joseph Formanek, who took dental assistants out bowling, bought belly button piercings for employees, and invited at least one assistant back to his hotel room after a night of drinking.

27.     Shaunaye repeatedly raised concerns about this type of illegal behavior, but Aspen refused to act when a doctor owner was the bad actor.

28.     Aspen held a leadership retreat in Orlando from October 16-21, 2023.

29.     Before the event, Division Director of Human Resources Amber Musser ("Musser") warned Shaunaye that she "should not walk alone" at the event.

30.     On Thursday, October 19, 2023, Aspen held an "Aspenville" Margaritaville-themed party at the event hotel.

31.     All owners, dentists, and field leaders were invited to the event to celebrate Aspen, and Aspen served copious amounts of alcohol.

32.     Shaunaye left the event to use a restroom on the way back to her room to pump as she had recently returned from maternity leave.

33.     On Shaunaye's path, she had to pass the pool area and as she did so, a man approached her and firmly grabbed her right wrist, catching her off guard.

34.     The man commented, "You look familiar," to which Shaunaye responded that she had started working for Aspen earlier that year and he may have met her at a kick-off event in Chicago eight months earlier.

35.     Shaunaye then looked at the man's nametag and saw it was Dr. Mukuka Kapilikisha, an owner who ran an office in Missouri.

36.     Shaunaye commented "Oh, you're an owner. How many offices do you own and where are they?"

37.     Dr. Kapilikisha grabbed Shaunaye's left hand and wrist and began stroking her fingers, including her ring finger. He retorted, "I have one, is that not good enough for you? It's in Branson, Missouri. Do you want me to have more?"

38.     Shocked by this response, Shaunaye responded, "No, not at all," and informed Dr. Kapilikisha that she needed to use the restroom. Dr. Kapilikisha responded that he would be there waiting for her.

39.     Shaunaye used the restroom and fled to her hotel room where she stayed the remainder of the night out of fear of seeing Dr. Kapilikisha again.

40.     The following morning, Shaunaye informed Musser what had happened, and Musser responded, "This is why you can't walk alone at these events."

41.     Shaunaye also spoke with Division Director of Human Resources Melanie Walls ("Walls") about being assaulted.

42.     Similar to Musser, Walls was not surprised and responded, "That's just the way owners act. I'm not saying it's right, but it's just what owners do."

43.     Shaunaye also informed Division Vice President Jennifer Cass ("Cass") about the assault and harassment.

E-FILED 2024 JUL 22 4:55 PM WARREN - CLERK OF DISTRICT COURT

44.     Musser, Walls, and Cass all acknowledged that the conduct was unacceptable, but their responses implied it was just to be expected—and allowed—from the doctors.

45.     On October 26, 2023, Shaunaye had a one-on-one video meeting with Posey.

46.     At the end of the discussion, Shaunaye said, "I need to tell you about something that happened last week at leadership, during the Aspenville night."

47.     Posey stopped Shaunaye, saying, "Whoa, whoa, whoa." Posey said she would have to document whatever Shaunaye was going to report, and that Boylan would have to reach out and decide whether an investigation would need to take place.

48.     Posey further discouraged Shaunaye from saying anything by warning, "Before you tell me, I want you to think about that."

49.     Shaunaye told Posey she was still going to tell her because she needed the situation documented.

50.     Shaunaye then told Posey about Dr. Kapilikisha harassing her.

51.     Posey told Shaunaye she was going to pair her up with Boylan.

52.     On October 27, 2023, Posey sent Shaunaye a link to a website form to report the incident.

53.     Shaunaye submitted the electronic report on October 31, 2023.

54.     Also on October 31, Shaunaye presented an engagement presentation and went over her division's results with Cass, who was so impressed she asked Shaunaye to present to the entire region the following Monday, November 6, 2023.

55.     Musser told Shaunaye that Cass called Musser shortly after Shaunaye's presentation to tell her how well Shaunaye was doing in her job.

56.     On Thursday, November 2, 2023, Aspen fired Shaunaye.

57.     Posey called Shaunaye at 9:30 a.m., along with Senior Director, Human Resource Business Partner Julie Sorenson.

58.     Posey informed Shaunaye that Aspen was firing her based on an "inability to manage the performance" of her division, although no details were provided.

59.     Shaunaye responded that she was confused as there had been no conversations about this.

60.     Posey refused to address Shaunaye's questions.

61.     Aspen never disciplined Shaunaye for misconduct, counseled or even coached her about work performance, or otherwise suggested that she was not meeting company expectations.

62.     Posey routinely complimented Shaunaye's work.

63.     Rachel Posey was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

64.     Julie Sorenson was an employee and agent of Defendants, acting at all material times in the scope of her employment and agency.

## COUNT I
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT
## SEXUAL HARASSMENT, SEX DISCRIMINATION AND RETALIATION

65.     Plaintiff reallages paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants subjected Plaintiff to harassing and discriminatory conduct.

67.     Plaintiff's sex was a motivating factor in the discrimination and harassment.

68.     Plaintiff complained to Defendants about the sexual harassment she suffered and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

69.     Defendants retaliated against Plaintiff by firing her.

7

70.     Plaintiff's complaints of sexual harassment were a motivating factor in Defendants' retaliation against her.

71.     As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, feelings of betrayal, intimidation, embarrassment, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.


                              TIMMER, JUDKINS & BORLAND, P.L.L.C.


                              */s/ Brooke Timmer*
                              Brooke Timmer AT0008821
                              brooke@tjb.law
                              Nathan Borland AT0011802
                              nate@tjb.law
                              1415 28th St., Suite 375
                              West Des Moines, IA 50266
                              Telephone: (515) 259-7462
                              ATTORNEYS FOR PLAINTIFF

8

IN THE IOWA DISTRICT COURT FOR WARREN COUNTY

| | |
|---|---|
| SHAUNAYE BENGTSON, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| ASPEN DENTAL MANAGEMENT, INC. and ADMI CORP d/b/a TAG – THE ASPEN GROUP, | **ORIGINAL NOTICE** |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT:      **ASPEN DENTAL MANAGEMENT, INC.**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action.  A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Brooke Timmer and Nathan Borland of Timmer, Judkins & Borland, P.L.L.C., whose address is 1415 28th Street, Suite 375, West Des Moines, IA 50266. Their phone number is (515) 259-7462; facsimile number (515) 361-5390.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Warren County.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3927.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


_____
CLERK OF COURT
Warren County Courthouse
Indianola, Iowa


**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2024 JUL 23 12:53 PM WARREN - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV040388**

*County*  **Warren**

*Case Title*  SHAUNAYE BENGSTON V. ASPEN DENTAL, ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **07/23/2024 12:53:31 PM**



*District Clerk of Court or/by Clerk's Designee of* Warren                County

**/s/ Lori Morris**

# AFFIDAVIT OF
# RETURN OF SERVICE

**STATE OF IOWA**                                                                      **CASE #LACV040388**

**WARREN COUNTY**

**CASE NAME:**                         **SHAUNAYE BENGTSON**

**VS**

**ASPEN DENTAL MANAGEMENT, INC., AND**
**ADMI CORP. D/B/A TAG-THE ASPEN GROUP**

I, the undersigned, being duly sworn on oath, do hereby depose and state that I received the
**ORIGINAL NOTICE; PETITION AT LAW AND JURY DEMAND**

Received on the 8 day of August 2024; served on the 8 day of August 2024 at 12:05pm

I served the same on the within name Aspen Dental Management, Inc.
At 400 E Court Ave., **DES MOINES, IOWA**

by delivering a true and identical copy of each such item in the following manner:

_____          I served the same by delivering a copy thereof to the above personally.

_____          I served the same on the above person at the person's dwelling house or usual place

                       of abode, by there delivering a copy thereof to a member of the family, or a manager,
                       clerk, proprietor or custodian named and described below, a person who was then at
                       least eighteen years old, who resides at this address.

   X               I served to above company, corporation, etc., by delivering a copy to the person

                       named and described below.  Said service was made at the address shown below, if
                       any otherwise at the above address.

Service Fee         _____     Located at    _____

Mileage             _____     Remarks       c/o CT Corporation System, Registered Agent
                                                            Received by Joel Kissell

Service Charge      _____                   _____

Total Charges:  $45.00

By: _____
                       C Miller Investigations, Inc.

Subscribed and sworn to before by the said Raymond Miller
In Polk County, Iowa on this the 12 day of August 2024

By: _____
                       Notary Public for the State of Iowa

DONNA C. RAY
Commission Number 781706
My Commission Expires
December 6, 2025